We'll move to the final case of today, United States v. Eric Spivey, No. 18-2435, and we'll hear from Mr. Henderson. May it please the Court. I'm Peter Henderson. I represent Eric Spivey. The briefing has revealed two issues I think that remain disputed, what happened and what exactly the Court should do about what happened. I think it's clear in the record the government sought to prove this alleged violation, No. 17, in its questioning of both Probation Officer Justice and Marshal McPherson. It was about whether, when Mr. Spivey met with the probation officer, he had been telling the truth about his living situation, about contact with his girlfriend's children, about what exactly was going on. And when he was arrested at his girlfriend's house, who has children, he didn't know he was a sex offender, despite the probation officer asking him, does she know, and him saying yes. That proved that he had not answered the probation officer's questions truthfully. So when the district court referred to that arrest and saying, I'm sustaining violation 17, and then wrote on the judgment, this is violation 17, I think that makes the record pretty clear. Of course, violation 17 was based on a condition that was not imposed, and so that is a plain error. Did the district court have the power to amend the judgment on the 15th day? Well, I looked at that after rereading the government's brief. I think it was the 14th day. I think this was two weeks after. But it certainly would have on the 15th day. As I read the record, this was the probationer, whoever prepared the original judgment, put in the standard conditions. Those wouldn't have been orally imposed. So this could have been corrected under Rule 36. The district judge said, I'm correcting it under 35A, and I think it was within two weeks. But as the government also points out, the judge could have corrected it under 3583E2, and she doesn't need to hold a hearing to do that if it's beneficial to the defendant. So in any case, the government never appealed that, and this is not the place to collaterally attack that judgment. So on the what do we do about this then? The biggest question is how does this affect Mr. Spivey's substantial rights? There are a number of other violations. It was a 24-month sentence. And what I look to in the transcript is I see that the judge certainly was worried about the other violations. The other violations were almost uniformly failure to register as a sex offender. But there was some mitigating. And living with children. Correct. No unsupervised contact with minors. That's right. That was the other one violation. But there was some mitigating information about that. And what the district court, I think, clearly was expressing its frustration at at the revocation hearing was how Mr. Spivey had treated the court, the probation officers, his lawyer in his conduct. And that included being untruthful. The court says you've lied to me repeatedly. You've lied to Mr. Justice, the probation officer, Ms. Pohlmeyer, the previous probation officer. They've been there to aid you. All you've done is basically lied to them, been in their face, not followed their rules. So the court was clearly very concerned about this violation, violation 17. If we agree with you that this was plain error, would you agree that the district judge would be perfectly entitled to take into account that long record of deception over years in court proceedings before her? Absolutely. In exercising her discretion. No, absolutely. And it's what we see. This court has a long tradition of when on an original sentencing, one count goes away on appeal. And so the court will remand it for resentencing. And a lot of times you get the same sentence and say, all right, that count went away, but you still did that, and I can take that into account. But especially in the supervised release context, we ought to let the district judge make that decision because the appropriate sentence for a violation of supervised release really is squarely within the district court's purview. Review in this court is very narrow on the substantive reasonableness of the sentence. And so the question of how much did this affect the sentence or could the same sentence be imposed, I think those ought to be answered by the district judge. When you look at the statements you've identified, the lying, which is relevant when you're determining whether or not to revoke or what additional conditions to impose, the court does that under the context of talking about 3553A factors, not under the context of particular violations, although she did find the specific violations. Why isn't she just very appropriately assessing the lying under the defendant's history and characteristics of section 3553A? I think what she did was appropriate. But what it shows is that she is relying on this violation of a condition that didn't exist. How does it show that she's relying on that particular violation? When she is discussing 3553A, she's not mentioning violations. She's talking about his conduct before her. Well, that's part of it. You're exactly right that there are other factors that the court considered in arriving at its sentence. But one of them was you lied to the probation officer. Isn't that relevant to history and characteristics? Oh, absolutely it is. But I guess I contrast the scenario. If the district judge here explains 24 months is an appropriate sentence because you're a dangerous sex offender, I don't like that you had contact with minors, and your failure to register just makes you a danger to the community, it's 24 months. It would be very hard for me to say, well, there was some reliance on this error that occurred because there's no mention in the 3553A discussion of lying to the probation officer. But the fact that that makes it into the discussion and is, in fact, featured in the discussion suggests that the court thinks that for this violation in particular, 17, that that really is what's driving this sentence. It's not just the failure to register and weakly with the Chicago police. It's this conduct which really is encapsulated in violation 17. But when she talks about violation 17, the district court refers to it as the most recent arrest with him living with two children, 8 and 10, with his girlfriend, not lying to the probation officer. Right, but that was in reference to the evidence that showed that he had lied to the probation officer. I suppose violation 17 was a little bit of a shifting allegations. This really was the fourth paragraph of the allegation, and then we added, does the girlfriend know that he's a registered sex offender to it? And so I think there gets to be a notice problem if suddenly violation 17 is not what's alleged. If we say, well, actually, no, it's about unsupervised conduct with minors, that was nowhere alleged in 17. I think part of the issue is there were a lot of violation reports with different numbers that the court was trying to sift through. I think you're right. Was it 24 altogether? It was a very large number. There were a number. But again, the government did a very precise job at the hearing of laying out, we're going to address these violations through this testimony and violation 17 through this testimony. And the judge then referred to that testimony to say, I'm sustaining violation 17. So we think it's fairly clear that this was, in fact, the violation of the nonexistent condition. I'll save the remaining time I have for rebuttal. Thank you. Thank you, Mr. Henderson. Ms. Greenwald. Good afternoon. May it please the court. First of all, dealing with the 14th, 15th day, the government, I'm pretty confident it's the 15th day, but the government would concede that the court under this court's, the district court under the Seventh Circuit's well-established opinions, had the right or the authority to amend the conditions of supervised release at any time and without a hearing. So the government does not contest and absolutely concedes that lying to the probation officer, that being truthful to the probation officer was not a condition of his supervised release. However, this court should affirm the sentence imposed for revocation of supervised release and the violation of that supervised release because the defendant has not carried its pretty hefty burden of showing both a plain and obvious burden warranting that release and showing prejudice, in particular, that there was any effect on the outcome of the sentencing proceeding. I think our brief is pretty precise into the whole violation issue in the finding of the court, and that kind of gets into the trees of it, so I'll rely on our brief on that point. But as to the prejudice, it was the same, first of all, the court found seven violations in particular, seven uncontested violations, both on appeal now, and including five violations of failure to register, failure to comply with that condition, one violation of not violating the law, and one violation of not having unsupervised contact with minors. None of those were contested on appeal. Six of those carry the exact same guideline range of 21 to actually 27 months, but was capped at 24 months because that was the maximum sentence that could be imposed. And as we point out in our brief, not only was the guideline range not altered, but the court was pretty clear in its comments that it was considering this lying to the probation officer and lying to the court part of the same parcel of aggravation under 3553A. At no point did the court even mention the condition of lying to the probation officer. And of particular interest, there were two other allegations of lying to the probation officer that weren't even referenced by the court, or two other allegations that were neither found or even referenced nor focused on by the government in its presentation of evidence. Basically, the court was reacting to both the defendant's allocation, which was I'd been thrown on the street and had no assistance by either probation or court, in effect, and the court's frustration with the amount of time that it devoted both to the case and to the care of this defendant, and that the defendant had, in fact, manipulated the court and the probation office. So, for all those reasons, we would argue that the defendant had not carried its burden and we'd ask for questions to affirm the sentence in post. Thank you very much, Ms. Greenwald. Thank you. Mr. Henderson? No, thank you, Your Honor. All right. The case is taken under advisement with thanks to both counsel, and the court will be in recess until tomorrow.